AMENDED DLD-233                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2046
_____

IN RE:  LINDSWORTH SESSAY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:12-cv-02667)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 9, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 26, 2013)

_____

OPINION
_____

PER CURIAM

      Lindsworth Sessay (also known as Lindsworth Brown-Sessay), an immigration detainee

proceeding pro se, petitions for a writ of mandamus directing the United States District Court

for the District of New Jersey to rule on his pending habeas petition and an Immigration Judge

("IJ") to "set a bond."  He also requests other, miscellaneous relief.  For the reasons that

1

follow, we deny those requests for miscellaneous relief, and we will deny the mandamus petition.

I.

Sessay is a native and citizen of Jamaica. In January 2011, the Department of Homeland Security initiated removal proceedings against him, charging him with being removable for, inter alia, having been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Sessay was taken into immigration custody at that time. Although a final order of removal was issued against him in August 2012, the Board of Immigration Appeals reopened his removal proceedings in January 2013. Those reopened proceedings are ongoing, and Sessay remains in custody.

In May 2012, Sessay filed a pro se habeas petition in the District Court pursuant to 28 U.S.C. § 2241, challenging the legality of his ongoing immigration detention. In June 2012, he moved for summary judgment on that petition. Later that month, the District Court directed the Government to answer the petition within 45 days and Sessay to reply within 30 days of his receipt of that answer. In July 2012, the Government filed its answer; Sessay never filed a reply. In January 2013, the District Court denied Sessay's motion for summary judgment, concluding that "there are material issues of fact in dispute which require this Court's full examination of the record of this case." (Dist. Ct. Op. entered Jan. 3, 2013, at 4.) No further action has been taken on his habeas petition.

Sessay now seeks an order from this Court directing the District Court to rule on his habeas petition. He also seeks to compel the IJ who is presiding over his removal proceedings

2

to "set a bond."[1]  Lastly, he requests other, miscellaneous relief, including an order granting his habeas petition and a declaration that his continued detention is unlawful.

## II.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  That said, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

We recognize that, in this case, a number of months have passed since the expiration of Sessay's time to reply to the Government's answer to his habeas petition.  Since that time, however, the District Court has ruled on his summary judgment motion and indicated that material disputes of fact must be resolved to adjudicate his habeas petition.  Although the complained-of delay is of concern, it does not rise to the level of a failure to exercise jurisdiction.  Cf. id. (concluding that approximately eight-month delay in habeas action did not warrant mandamus relief).  We are fully confident that the District Court, mindful that Sessay

---

[1] It is not entirely clear whether Sessay's use of the phrase "set a bond" is intended to mean "schedule a bond hearing" or "release him on bond."  Either way, as explained in Section II, he is not entitled to mandamus relief.

3

is challenging the legality of his ongoing immigration detention, will promptly rule on his habeas petition.

Sessay also seeks mandamus relief to compel the IJ to "set a bond." But the appropriateness of bond or a bond hearing in Sessay's immigration proceedings goes to the merits of his habeas petition and, thus, may be addressed when the District Court rules on that petition. Accordingly, a writ of mandamus is not warranted here. See id. Nor is Sessay entitled to an order from this Court granting his habeas petition or a declaration that his detention is unlawful. Again, those issues go to the heart of his habeas proceedings and will be ruled upon in due course by the District Court.

In light of the above, we will deny Sessay's petition for a writ of mandamus. Sessay's other requests for relief are denied. We note that our denial of mandamus relief is without prejudice to the filing of a new mandamus petition if the District Court has not acted on Sessay's habeas petition within 60 days of the date of this opinion. See id.